UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NICOLAS and JESSIE CASTILLO,  No. 04-11308

                Debtor(s).
_____/

DOUGLAS and ELLEN ROSENBERG,

                Plaintiff(s),

    v.  A.P. No. 04-1104

NICOLAS and JESSIE CASTILLO,

                Defendant(s).
_____/

Memorandum After Trial
_____

      Prior to their Chapter 7 bankruptcy filing, debtors and defendants Nicolas and Jessie Castillo were involved in arbitration arising out of construction hauling work performed by Nicolas Castillo on property owned by plaintiffs Douglas and Ellen Rosenberg. Castillo had sued the Rosenbergs, complaining that they had not paid him in full for his services. The Rosenbergs counter-claimed, alleging that they had overpaid Castillo.

      The dispute was arbitrated by the American Arbitration Association. After a hearing, the arbitrator awarded Castillo nothing and determined that he owed the Rosenbergs $644,887.08 in overpayments and general damages. The state court confirmed the award of the arbitrator and entered

judgment on it.  The Castillos filed their Chapter 7 petition a few months thereafter, and the Rosenbergs filed this adversary proceeding to determine that their claims are nondischargeable.

Prior to trial, both sides made motions for summary judgment.  The court was unable to grant either, as the decision of the arbitrator did not explicitly make the findings necessary to support a judgment for fraud pursuant to § 523(a)(2) of the Bankruptcy Code.  Specifically, there was no finding of fraudulent intent although it could certainly be inferred from several specific findings, including findings that Castillo falsified construction documents, did illegal work, failed to disclose a relationship with the Rosenbergs' project manager and lied when he represented that he had no such relationship.

After listening to the testimony of the parties, the court has no trouble inferring the fraudulent intent necessary to render the judgment nondischargeable.  Neither of the Castillos put forth any credible evidence justifying their actions.  Like the arbitrator, this court finds the relatively minor tree removal incident telling.  It is clear that Castillo took an estimate from another contractor, altered it to increase the amount by 150%, and sent it to the Rosenbergs as a bill.  This conduct alone makes it more likely than not that Castillo had fraudulent intent in all his actions.

The Castillos argue that since the arbitration award was made against Nicolas Castillo only the debt is nondischargeable only as to him.  However, the evidence was clear that Jessie Castillo took an active part in the business and did most or all of the paperwork, as well as destroyed documents and attempted to conceal the relationship with the project manager.  The debt should therefore be nondischargeable as to Jessie Castillo as well.

When a state court has entered a judgment, the role of the bankruptcy court is limited to a declaration as to whether it is dischargeable in whole or in part.  *In re Gertsch*, 237 B.R. 160, 172 (9th Cir. BAP 1999).  Although the Castillos do not argue it, the court sees an issue as to whether the $90,000.00 in general damages are discharged.  The arbitrator added these damages to compensate the Rosenbergs for the two years their property was tied up while the matter was being litigated.  Since the arbitrator found that much of the documentation relied upon by the Castillos in pursuing their claims against the Rosenbergs was falsified, and the court now finds that the falsification was done with intent

2

to defraud, it seems that these damages naturally flow from the Castillo's fraud and are also nondischargeable.

For the foregoing reasons, judgment shall be entered declaring that the state court judgment based on the arbitrator's award is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code and that Jessie Castillo owes a nondischargeable obligation to the Rosenbergs in the same amount. The Rosenbergs shall also recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Rosenbergs shall submit an appropriate form of judgment forthwith.

Dated: August 24, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge